In re BAY CITY IRRIGATION CO.

(District Court, S. D. Texas. February 1, 1905.)

No. 1,073.

1. BANKRUPTCY—PETITION—HEARING—RECEIVERS—JURISDICTION.

Where a receiver was appointed by a state court for an alleged bankrupt corporation, the court of bankruptcy, on an involuntary petition against the corporation, had no jurisdiction of the receiver prior to the corporation being adjudged a bankrupt, no relief being sought as against him.

2. SAME—CORPORATIONS SUBJECT TO BANKRUPTCY—IRRIGATION COMPANIES.

An irrigation corporation, organized to furnish water for the irrigation of rice fields, was not a corporation engaged in "trading or in manufacturing or mercantile pursuits," and therefore not subject to be adjudged an involuntary bankrupt, under Bankr. Act 1898, c. 3, § 4b (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), providing that any natural person, except a wage earner, or a person engaged chiefly in farming or the tilling of the soil, and any corporation engaged principally in manufacturing, trading, etc., may be adjudged a bankrupt.

[Ed. Note.—What persons are subject to bankruptcy laws, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

3. SAME—QUASI PUBLIC CORPORATIONS.

A quasi public corporation, engaged in furnishing water for irrigation purposes, clothed with the right of eminent domain, and subject to statutory restrictions on such power, is not amenable to the federal bankrupt act, on the ground of public policy.

In Bankruptcy.

The following is the report of the referee in bankruptcy:

To the Honorable Waller T. Burns, Judge of the District Court of the United States for the Southern District of Texas: This proceeding, involuntary in its nature, was instituted October 14, 1904, by P. E. Parker, E. H. Sweeny, and B. F. Sweeny, all of Bay City, Matagorda county, Texas, against the Bay City Irrigation Company, also of said city and county, by petition duly sworn to and filed with the clerk of this court, in which petition it is alleged that

the petitioners are creditors of the said Bay City Irrigation Company, having provable claims against it to an amount, in the aggregate, in excess of securities held by them, of $3,000 and over; that the said defendant company is engaged principally in manufacturing, trading, or mercantile pursuits, within the meaning of the bankrupt law, and in furnishing and selling water to irrigate land for the growing of rice, and the raising and selling of rice in Matagorda county, Texas; that the said Bay City Irrigation Company is insolvent, and within four months next preceding the filing of this their petition has committed an act of bankruptcy, in this, because of insolvency, to wit, on the 15th day of August, 1904, a receiver was put in charge of its properties, under the laws of the state of Texas, by the Honorable Wells Thompson, Judge of the Twenty-Third Judicial District of Texas, Matagorda county, the name of which receiver is N. M. Vogelsang, of Bay City, Texas, and who has qualified and is acting as such officer. The prayer of said petition is for service of said petition and subpœna upon said defendant company and upon said N. M. Vogelsang, as receiver of said company, and that the said defendant company may be adjudged bankrupt, within the purview of the acts of Congress relating to bankruptcy. To this petition the defendant company filed a general demurrer, in its nature speaking, and also a document designated by it as a "plea to the jurisdiction." The receiver, N. M. Vogelsang, also filed a plea to the jurisdiction of this court, for the reason that he was an officer of the state court, and not answerable to this court, because no relief was sought against him as such officer, and the defendant company had not yet been adjudicated bankrupt. To the pleas of the defendant company and the receiver the petitioning creditors filed a general replication. And in pursuance of an order of your honor made in the above cause, and bearing date October 12, 1904, whereby the undersigned was authorized and directed, as referee of this honorable court, to consider the petition and answer in the above-named cause, and hear all matters of law and fact arising thereunder, and to make report thereupon at as early a date as practicable, and that "all parties shall attend before said referee at such time and place as the said referee may designate," I, S. W. Jones, referee as aforesaid, do report that, having duly extended notices to the said Bay City Irrigation Company, and to all others in interest, through their respective attorneys of record, of the time and place for the hearing before me of the matters so referred, to wit, at 10 o'clock a. m. on the —— day of ——, 1904, at the United States courtroom in the city of Galveston, Texas, I did at the time and place aforesaid proceed to consider the pleadings in said cause, and to hear the contests raised by the pleadings filed therein, and to take such further action therein as required by the acts of Congress relating to bankruptcy; and having been attended by Mr. McRae, of the law firm of Bryan, Tod & McRae, and Sterling Myer, of the law firm of Hunt & Myer, attorneys for the petitioning creditors, by Gaines & Corbett, attorneys for the defendant, and Lane & Higgins, attorneys for the receiver, and having heard read the pleadings and the agreed statement of the facts in the case, which agreement is in writing, signed by counsel for the respective parties to this proceeding, and which accompanies this report, and having heard the arguments of counsel, and having duly and carefully considered the same, and having carefully examined and inquired into the matters so referred, I do find and report as follows:

From the agreed statement of facts before me, which was introduced in evidence, I find that the defendant, the Bay City Irrigation Company, was incorporated under the general incorporation act of Texas on the 14th day of December, 1900, with the authority to, and for the purpose of, "the construction, maintenance, and operation of dams, reservoirs, lakes, wells, canals, flumes, laterals, and other necessary appurtenances for the purpose of irrigation, navigation, milling, mining, stock raising, and city waterworks; to cause such examination and survey for its proposed canal to be made as might be necessary to the selection of the most advantageous, and, for such purpose, by its officers, agents, or servants, to enter upon lands or waters of any persons; to take and hold such voluntary grant of real or other property as shall be made to it in the construction and maintenance of its canals, ditches, and sluices; to construct its canals across, along, or upon any stream of water; to furnish water for irrigation at such rates as such organization or corpo-

ration may, by its by-laws and regulations, prescribe; to borrow such sums of money as may be necessary for the completing and furnishing or operating its canals; to issue and dispose of its bonds for any amount so borrowed, and to mortgage its corporated property and franchise to secure the payment of any debt contracted for the purpose aforesaid, provided that damages for any property appropriated by such corporation shall be assessed and paid for as is provided for in case of railroads; to enter upon, condemn, and appropriate any lands of any person or corporation that may be necessary for the uses and purposes of said company, the damages for any property thus appropriated to be assessed and paid for in the same manner as is provided by law in the case of railroads, and to make contracts for the sale of permanent water rights, and have the same secured by a lien on the lands or otherwise; and to lease, rent, or otherwise dispose of the water controlled by such corporation for such time as may be agreed upon."

From the agreed statement of facts on file, I further find that the defendant company, the Bay City Irrigation Company, was on the 1st day of September, 1904, and still is, insolvent; that N. M. Vogelsang was on the 15th day of August, 1904, appointed receiver of the properties of said company by the Judge of the District Court of the state of Texas, in and for Brazoria county, Texas, Twenty-Third Judicial District, in a suit, brought by Robt. Parker, trustee, against said defendant company, to foreclose a mortgage executed by it upon all of its properties, in which said suit the said company admitted the indebtedness claimed, as well as another indebtedness claimed against it, and which is secured by a mortgage claim upon its properties; that the said N. M. Vogelsang has duly qualified as such receiver, and is now in possession of the properties and assets of the said Bay City Irrigation Company, managing and operating the same under the direction of the said District Court of Matagorda county, Texas.

I further find that said Bay City Irrigation Company owns and operates a pumping plant and irrigation canal in Matagorda county, Texas; that said canal is a surface canal, and consists of a main canal and lateral canals extending from the main canal, and that by means of said pumping plant water is raised from the Colorado river, one of the public water ways of the state of Texas, and pumped into said main canal, and thus raised to a higher level than the adjacent lands, and through said main canal and laterals said water is furnished for irrigation purposes to the lands adjacent thereto, and paid for by parties using the same by such parties delivering to said defendant company a portion of the crop irrigated.

I further find that said defendant company, since its organization, has been engaged in conducting its business as follows: It has maintained and operated its pumping plant and canal, and through its main canal and lateral canals it has furnished water to parties adjacent to its canal during the pumping season of every year since its organization, furnishing said water to said parties at such times and in such quantities as was necessary for the irrigation of their lands upon which rice was grown—rice being the only crop for which it furnished for irrigation purposes—for which said water said company charged and received from said parties a portion of the rice crop grown by them, which portion so paid and delivered to said company was by it sold in the open market as its own property, either in the rough or the mill state. I further find that said defendant company, in the operation and maintenance of its said pumping plant and canal, employed and expended its money for labor in running its machinery, and in the maintenance, care, and operation of its said pumping plant, canal, flumes, and laterals, and in collecting, caring for, and selling its said rice, which it had received as water rent, and for such portion of this rice as it sells in the clean state it pays to ricemills, in money, their customary charges for milling rice. I further find that the defendant company has maintained a bank account, and has also maintained running accounts with various merchants, from whom it purchased machinery, implements, oil, fuel, and other supplies which were necessary in the maintenance of its pumping plant and canals; that the said defendant company has borrowed money, and has executed its notes in evidence thereof, and its mortgages to secure the same, and also assigned its water contracts for the same purpose, and has issued and sold its bonds for the purpose of rais-

ing money, and has purchased and now owns a portion of its own capital stock as treasury stock. I further find that the said defendant company, in the transaction of its business as above stated, entered into written contracts with the parties to whom it furnished water, of a uniform character, during the years of 1903 and 1904, and similar contracts were entered into for the years 1901 and 1902; that the said water so furnished by said defendant company to adjacent landowners and leaseholders, after passing through the main canal and laterals of said company from its pumping plant, flowed through water gates in said main canal and laterals built, constructed, and maintained by said company, and located upon its said land owned as right of way; that said water was so furnished for a period of about one hundred days, during the spring and summer of each year, at such time and in such quantities as might be necessary to properly irrigate said lands, the quantity of water furnished depending upon the character of the land and the number of acres to be irrigated; that the period of one hundred days, during the spring and summer, while water is being furnished by said company, is termed the "flooding season," and during each year, from the 1st day of January to the beginning of the flooding season, said company was engaged in maintaining its pumping plant, canal, and laterals, repairing the same, and preparing to furnish water during the flooding seasons, and after the flooding season was over, and up to the 31st of December of each year, said company was engaged in receiving, caring for, and disposing of its share of the crop of rice paid to it as and for water rental, and in maintaining and caring for its pumping plant, canal, and laterals, and during the flooding season said company was engaged each year in operating its pumping plant furnishing water as above stated. I further find that the said defendant company purchased and now owns the machinery, pumping plant, and the lands upon which said plant is situated, and also lands over which its said main canal and laterals are situated.

The referee sustained the receiver's plea to the jurisdiction of this court as to him, but overruled the defendant company's general demurrer to the creditors' petition, and also its plea to the jurisdiction; treating the matter as a defense or answer to the merits of the case, rather than as a plea to the jurisdiction, by reason of the averments contained therein.

The bankrupt act of 1898, c. 3, § 4b (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), provides as follows: "Any natural person, except a wage earner or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, any corporation engaged principally in manufacturing, trading, printing, publishing, or mercantile pursuits, owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt [to which by the amendment of February 5, 1903, was added mining corporations] upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this act. Private bankers, but not national banks or banks incorporated under state or territorial laws, may be adjudged involuntary bankrupts."

In this case two questions are presented for consideration: (1) Do the facts as found justify the conclusion that the defendant company is engaged in business either as a manufacturer, a trader, or a merchant, within the meaning of the bankrupt act? (2) Was it the intention of Congress, in framing the bankrupt law, to hold amenable to its provisions a quasi public corporation clothed with the powers of eminent domain, and subject to the same restrictions and penalties in their exercise, as railway companies, and whose business, pursuant to its chartered rights, is to furnish, for remuneration, water for irrigating the lands contiguous to its main canal and laterals, for raising rice and other like farm products?

As to the first question: There is no evidence whatever to support the contention that the defendant company is engaged in manufacturing or in mercantile pursuits, but there is some semblance of evidence, under the facts as detailed, that it is engaged in trading, if the water which it furnishes to growers of rice and other products, and receives compensation therefor, can be called trading, as that word is employed in the statute under discussion. The word "trader" or "trading" is of very broad significance, as defined by the different lexicographers; but it would seem that the framers of the law

intended its meaning in a more narrow sense, and that the true signification or the definition of that word, as employed in the statute, should be, "One who is engaged in buying and selling something for the sake of profit." In the case at bar the defendant company cannot be called a trader. It buys nothing which it sells to others, but only charges a reasonable compensation for its labor, skill, and time in furnishing water to others for irrigation purposes, for which compensation is paid in rice, and that rice is afterwards by the company converted into money. And if I am right, I conclude that the first question should be answered in the negative.

As to the second question: The defendant company is a quasi public corporation chartered under the laws of this state, and clothed with the right to exercise the power of eminent domain, and subject to the same restrictions and penalties as the right to exercise that power imposes. It traverses a large scope of territory devoted to rice culture, and is therefore a public necessity, and it would be against public policy to hold such a corporation amenable to the acts of Congress relating to bankruptcy. Nor can the fact that corporations like the one at bar are not mentioned amongst those expressly mentioned therein as exempted, indicate that it was the intention to hold them amenable thereto, for the courts have held that the law maxim, "Expressio unius est exclusio alterius," does not apply in the construction of the bankruptcy acts. I therefore conclude that the second question should also be answered in the negative.

The premises considered, I conclude that the defendant, the Bay City Irrigation Company, is not amenable to the acts of Congress relating to bankruptcy, and that the creditors' petition in this case should be dismissed, with the costs of this proceeding taxed against the petitioning creditors; and I therefore respectfully, so recommend.

Bryan, Tod & McRae, for petitioning creditors.
Gaines & Corbett, for Bay City Irrigation Co.
Lane & Higgins, for receivers.

BURNS, District Judge. On this day came on to be heard the report of S. W. Jones, referee, upon the hearing before him of the petition by creditors seeking to have the above-named company adjudicated bankrupt. And the court having now duly considered the said report of the said referee, and being fully advised, it is ordered that the said report be, and the same is hereby, approved, and in all things confirmed. It is further considered by the court, and so ordered, adjudged, and decreed, in accordance with the recommendation of the said referee, that the creditors' petition in this case be, and the same is hereby, dismissed, and all costs incurred herein adjudged against the petitioning creditors. It is further considered and ordered by the court that execution issue in favor of the respondent, the Bay City Irrigation Company, and against P. E. Parker, E. H. Sweeny, and B. F. Sweeny, petitioning creditors, for all costs herein incurred, and have execution therefor.